IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM D. WILLIAMS,

    Plaintiff,

vs.                                  Case No. 4:12cv142-RH/CAS

WARDEN HALEY, et al.,

    Defendants.

                                 /

## REPORT AND RECOMMENDATION

This case was removed to this Court on March 29, 2012. Doc. 1. After Defendants filed a motion to dismiss, doc. 12, Plaintiff, a pro se prisoner, filed an amended complaint. Doc. 18. An Order was entered which recognized Plaintiff's entitlement to amend, but found the amended complaint insufficient and directed Plaintiff to file a second amended complaint. Doc. 19.

Upon review of Plaintiff's second amended complaint, doc. 25, an Order was entered on July 2, 2012, directing Plaintiff to file a third amended complaint and explaining the deficiencies of the second amended complaint. Doc. 28. Plaintiff filed the third amended complaint on September 28, 2012. Doc. 33. On that same day, Plaintiff filed a motion requesting service of process on the newly added Defendant, the Florida Department of Corrections. Doc. 26. This report and recommendation

addresses Plaintiff's motion for service because review of the third amended complaint reveals the complaint is deficient as to the newly added Defendant.[1]

This case sits in an unusual posture because the four Defendants already served in this case filed a motion to dismiss Plaintiff's third amended complaint. Doc. 38. Ordinarily, an Order would be entered to deny Plaintiff's motion for service and direct Plaintiff to file an amended complaint that omits an insufficient claim. On the posture of this case, however, where Defendants have already filed a motion to dismiss the third amended complaint, such an Order would essentially be dismissing a Defendant. Because that must be done by a report and recommendation, *see* 28 U.S.C. § 636(b)(1), this report and recommendation is entered.

Plaintiff has attempted to add the Florida Department of Corrections as a fifth Defendant in this civil rights case. *See* doc. 33. The Department of Corrections is a state agency whose functions are carried out and administered by designated individual employees of the Department. The Department of Corrections is not a "person" that may be sued under § 1983.[2] Furthermore, the State of Florida and its agencies are immune from suit in federal court by force of the Eleventh Amendment. <u>Carr v. City of Florence, Alabama</u>, 916 F.2d 1521, 1524 (11th Cir. 1990).

---

[1] Prior to review of Plaintiff's motion and third amended complaint, Defendants filed a second motion to extend time to respond to Plaintiff's third amended complaint, doc. 37, a motion for leave to file excess pages, doc. 39, and a motion to dismiss Plaintiff's third amended complaint, doc. 38. The second motion for an extension of time, doc. 37, has been granted this day in a separate Order. The motion to extend the page limitation, doc. 39, has also been granted.

[2] Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).

Case No. 4:12cv142-RH/CAS

Moreover, the only basis for Plaintiff's claim against the department is premised on the doctrine of *respondeat superior*. The law is clearly established, however, that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others. The doctrine of *respondeat superior* does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Even had Plaintiff named an actual person instead of the Department of Corrections, this claim could not proceed. Therefore, because Plaintiff's third amended complaint is insufficient to state a claim against the Florida Department of Corrections, service should not be directed and Plaintiff's motion for service, doc. 34, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for service, doc. 34, be **DENIED**, and Plaintiff's third amended complaint, doc. 33, be **DISMISSED** as to Defendant Florida Department of Corrections for failure to state a claim upon which relief may be granted, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**