# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIAM D. WILLIAMS,

    Plaintiff,

vs.                                                     Case No. 4:12cv142-RH/CAS

THOMAS BRAME, et al.,

    Defendants.

_____/

## O R D E R

On October 7, 2013, the pro se Plaintiff filed a motion for relief from judgment pursuant to Rule 60, doc. 69, which was construed as a motion for reconsideration and a request for leave to submit a fifth amended complaint. Doc. 70. Upon review, the prior orders and report and recommendation were correct as entered, but Plaintiff was permitted to submit a fifth amended complaint. *Id.* Plaintiff has now filed the proposed fifth amended complaint which retains the claim against Defendant Brame and re-asserts claims against previously dismissed Defendants Flores, Haley, and Payne. Plaintiff also names the Secretary of the Department of Corrections as a Defendant. Doc. 71.

Procedurally, a report and recommendation was entered in November 2012, doc. 40, and adopted in December 2012, doc. 45. Plaintiff's claims against the Department

of Corrections were dismissed because the Department is not a "person" under § 1983 and is immune from suit under the Eleventh Amendment. Docs. 40, 45. A second report and recommendation was entered in May 2013, doc. 47, and adopted in July 2013, doc. 54. The claims against Defendants Flores, Haley, and Payne were dismissed on the basis that respondeat superior does not permit claims against those Defendants, there were no allegations that those Defendants directed Defendant Brame's conduct, and no allegations that the Defendant had any awareness of Brame's actions beyond Plaintiff's grievances. *See* doc. 47. The complaint was devoid of any allegations of widespread abuse pursuant to Eleventh Circuit precedent. *Id.* at 15-16.

In his motion requesting leave to submit another amended complaint, Plaintiff claimed he had been transferred to three different institutions and confronted the same policy or practice which systematically assigns only white inmates to certain jobs and skill development programs. Doc. 69 at 2. Plaintiff asserted that because there appeared to be a widespread practice, it was "reasonable to conclude that the other Defendants - Brame, Haley, Flores, and Payne - were merely following the dictates of an apparent *statewide* policy or practice." *Id.* at 4. Thus, Plaintiff contends he should be permitted to amend his complaint "on the basis of the newly discovered evidence of the widespread practice, policy, custom, or usage . . . ." *Id.*

The motion was granted and Plaintiff permitted to submit another amended complaint. Doc. 70. That Order cautioned Plaintiff that he should not name the Department of Corrections for the reasons previously explained. Doc. 70, *citing* docs. 47 and 54. Rather, Plaintiff must name the Secretary of the Department and Plaintiff was directed to "present facts which reveal a widespread practice, custom, or policy of

using racial classifications in job assignments or skill development programs." Doc. 70. "Plaintiff must clearly identify what he believes the policy to be and allege how he has been harmed." *Id.*

Plaintiff's proposed fifth amended complaint presents facts which generally support his contention that there is a policy or widespread practice in place which caused him to not be placed into an available law clerk position due solely because of his race. *See* doc. 71 at 16-17. However, Plaintiff has also re-asserted claims against previously dismissed Defendants based not on new facts, but on facts previously alleged and dismissed. The claims against Defendants Haley, Flores, and Payne are premised on Plaintiff's allegations that those Defendants "all actively condoned and acquiesced to [Defendant] Brame's acts of retaliation and reprisal, and in every way failed to take appropriate action to correct the situation prior to its escalation into violence and injury to Plaintiff . . . ." Doc. 71 at 18. As was explained in the prior report and recommendation, doc. 47, the claims are based solely on respondeat superior and are insufficient. Those claims were dismissed on July 2, 2013, doc. 54. Because Plaintiff has done nothing more than reassert claims previously dismissed, the fifth amended complaint is insufficient as to Defendants Haley, Flores, and Payne.

Furthermore, Plaintiff has attempted to place liability on Defendant Crews not just for the racially discriminatory job assignment policy, but also for Plaintiff's injuries caused when he was attacked by another inmate, allegedly at Defendant Brame's invitation. As was adequately explained in the second report and recommendation, respondeat superior does not provide a basis for recovery under § l983. <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* <u>Monell v. Department of Social</u>

Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). There are no facts alleged which draw a causal connection between Defendant Crews and Plaintiff's injury from the physical attack. Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995), *citing* Rivas and Zatler; Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Plaintiff may pursue an equal protection claim against Defendant Crews based on the alleged custom or policy of using race as a reason to deny black inmates positions as law clerks. However, Plaintiff's fifth amended complaint is insufficient to draw a connection between Defendant Crews and the physical attack against Plaintiff. There are no allegations that Defendant Crews created a policy which was followed by Defendant Brame in suggesting that inmates seek retribution against another inmate, nor are there allegations showing that Defendant Crews personally directed Brame's conduct.

Plaintiff will be required to submit a sixth amended complaint limited only to the claims against Defendant Brame and the alleged policy or custom for which Plaintiff seeks to hold Defendant Crews liable in denying Plaintiff a position as an inmate law clerk based on his race. The sixth amended complaint must be limited to those issues, and no longer than twelve pages.[1] Plaintiff shall have until **January 21, 2014**, in which to file a sixth amended complaint in compliance with this Order.

---

[1] Alternatively, Plaintiff may move this case forward solely on his surviving claims against Defendant Brame by filing a notice withdrawing the fifth amended complaint and advising that Plaintiff will continue on the surviving claims from the fourth amended complaint. Such a notice shall be filed by **January 7, 2014**.

Case No. 4:12cv142-RH/CAS

Discovery ended in this case on November 7, 2013. Doc. 67. On November 25, 2013, Plaintiff filed a motion to compel discovery, doc. 72, and a motion to stay, doc. 73. Plaintiff's motion to compel was filed beyond the discovery deadline and seeks to obtain discovery which was requested on October 8, 2013, which did not allow thirty days response time plus three days mailing time. However, an attachment to the motion indicates that Defendant Brame responded during the discovery period (on November 4, 2013) and provided responses to Plaintiff's renewed request for admissions. Doc. 72-1 at 7-9. The motion to compel is, therefore, denied as to the request for admissions.

Plaintiff asserts that "not a single document to date, has been turned over to Plaintiff," including documents which counsel agreed to provide during a callout, and including Plaintiff's deposition. Doc. 72 at 3-4. However, Plaintiff advises that he was provided an opportunity on October 17, 2013, to read his deposition. *Id.* at 4. Thus, it appears that Plaintiff claims only that he should not be required to pay for copies of documents requested. *Id.* at 4-5. Because Defendant is not required to provide free copies to Plaintiff, the motion to compel is denied as to the request for production as well.

Plaintiff filed a motion to stay this case during the week of December 16, 2013, as he is scheduled for trial in another pending matter. Doc. 73. This case will not be stayed, but Plaintiff has been provided a generous amount of time in which to submit his sixth amended complaint.

Defendant Brame has filed a motion for summary judgment. If Plaintiff submits a sixth amended complaint, the summary judgment motion may be moot. If, however,

Plaintiff decides to proceed on the previously filed fourth amended complaint, he is advised that he will soon be required to submit his response in opposition to summary judgment. At this point, however, the summary judgment motion is pending and Plaintiff shall await an order directing his reply. That order will not issue until it is clear which complaint is the operative pleading in this case.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion to compel discovery, doc. 72, is **DENIED**.

2. Plaintiff's motion to stay, doc. 73, is **DENIED**.

3. Plaintiff shall have until **January 21, 2014**, in which to file a sixth amended complaint in compliance with this Order, limited to no more than twelve pages, and which omits claims against Defendant which have already been dismissed.

4. Alternatively, Plaintiff may file a notice no later than **January 7, 2014**, which advises that Plaintiff withdraws the fifth amended complaint and will stand on the fourth amended complaint, doc. 62.

5. Plaintiff shall immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from custody.

6. The Clerk of Court shall return this file upon Plaintiff's filing of a sixth amended complaint, or no later than January 21, 2014.

**DONE AND ORDERED** on December 3, 2013.

        S/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**