# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIAM D. WILLIAMS,

    Plaintiff,

vs.                                             Case No. 4:12cv142-RH/CAS

THOMAS BRAME,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On November 12, 2013, the pro se Plaintiff filed a fifth amended complaint. Doc. 71. Finding that version of the complaint insufficient, Plaintiff was given leave to file a sixth amended complaint "limited only to the claims against Defendant Brame and the alleged policy or custom for which Plaintiff seeks to hold Defendant Crews liable in denying Plaintiff a position as an inmate law clerk based on his race." Doc. 75. Alternatively, Plaintiff was advised that he could move this case forward solely on his surviving claims against Defendant Brame by filing a notice withdrawing the fifth amended complaint and advising that he would continue on the surviving claims as presented in the fourth amended complaint. *Id.*

On January 13, 2014, Plaintiff submitted a response advising that he has now concluded that Defendant "Brame is the only actual real party Defendant." Doc. 80 at 1.

Plaintiff said he would proceed on the fourth amended complaint, but he also requested leave to amend his request for damages. *Id.* Plaintiff wants to amend his fourth amended complaint which requested compensatory damages of $170,000.00 and punitive damages of $170,000.00 in the fourth amended complaint. Doc. 62 at 18. Plaintiff states that he wishes to amend his damage request to 1.6 million dollars because if he wins his case, Defendant will seek civil restitution to recover costs of incarceration pursuant to FLA. STAT. § 965.292. Doc. 80 at 2. Plaintiff also indicates that he has continued to have pain from his injury, and that after his deposition, he has "relived the incident in his mind and has experienced serious mental and emotional anguish." *Id.* at 1.

Defendant has filed a response in opposition to Plaintiff's motion to amend. Doc. 82. Defendant contends the motion to amend should be denied because it is untimely under FED. R. CIV. P. 15(a)(1) and because Defendant Brame does not consent. *Id.* at 2-3. Defendant further questions how a three hour deposition could have caused Plaintiff to suffer an additional 1.26 million dollars in damages. *Id.* at 4.

Plaintiff's motion to amend should be denied, albeit for different reasons than argued by Defendant. First, Plaintiff's motion does not comply with the rules of this Court. Under N.D. Fla. Loc. R. 15.1, "[w]hen leave is sought to amend a pleading pursuant to a motion, the motion and the proposed amended pleading shall each be filed and docketed separately." Plaintiff did not simultaneously submit the proposed amended complaint with his motion, doc. 80.[1] Experience has proven that when pro se

---

[1] Plaintiff was previously made aware of the need to submit the proposed amended pleading with the motion. *See* doc. 59 at 2.

litigants are given leave to amend the complaint based on one asserted reason, the actual amended complaint which is later filed does not always limit itself to that one reason. More often than not, new factual allegations are presented and new claims are added. Requiring the submission of the proposed amended pleading eliminates that problem and minimizes any prejudice to a defendant.

Second, part of Plaintiff's argument in support of the need to amend is due to FLA. STAT. § 965.292, which Plaintiff asserts allows a prevailing Defendant "to seek a civil restitution lien to recover cost of incarceration." Doc. 80 at 2. Plaintiff is advised that there is no Florida statute § 965.292.[2] Nevertheless, a desire to obtain a larger monetary judgment in the event Defendant *should* at some point in the future seek a lien against Plaintiff is unrelated to the basis for a compensatory or punitive award of damages. Compensatory damages are to make an injured party whole as measured by the injury or wrong conduct and punitive damages are to punish a defendant and deter such conduct in the future. Plaintiff's request for damages, to the extent he wants to ensure he has sufficient money in the event a lien is sought, is not relevant to his injury nor is it believed to be necessary to deter future conduct.

Third, further analysis of this issue indicates Plaintiff does not necessarily need to submit an amended complaint solely to amend a request for damages. Rule 54(c) provides that default judgments should not differ in kind or exceed the amount demanded in the pleadings. However, "[e]very other final judgment should grant the

---

[2] Presumably, Plaintiff intended to reference either FLA. STAT. § 960.292 or § 960.297. *See* Smith v. Florida Dept. of Corrections, 27 So.3d 124 (Fla. 1st DCA 2010) (vacating a civil restitution lien entered against state prisoner after dismissal of the prisoner's complaint as frivolous).

Case No. 4:12cv142-RH/CAS

relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. CIV. P. 54(c). "Should the Plaintiff ultimately prevail in this action the Court [may] reassess Plaintiff's request for increased damages against the defendants named herein." Lindsey v. Welsh, No. 7:09cv95, 2010 WL 3522584, at *2 (M.D. Ga. Aug. 16, 2010) (denying a motion to amend to clarify damages). As Plaintiff does not indicate a desire to alter the factual or legal bases of his claims, leave to amend only the amount of damages is unnecessary.

 Finally, Plaintiff's motion comes late in this litigation. Plaintiff's case was removed to this Court on March 29, 2012. Doc. 1. In May of 2012, Plaintiff filed a first amended complaint, doc. 18, a second amended complaint in June, doc. 25, and a third amended complaint, doc. 33, in September, 2012. After the dismissal of three Defendants in this case which left only Defendant Brame, Plaintiff filed a motion to amend the complaint, doc. 56, to alter the damages requested since Plaintiff determined that his original request for $340,000.00 in damages would not be divided between several Defendants. *See also* doc. 59. Plaintiff then filed his fourth amended complaint, doc. 62, on August 9, 2013, but once again, he subsequently sought leave to file a fifth amended complaint. Doc. 69. Plaintiff was granted leave, doc. 70, but his fifth amended complaint, doc. 71, was deficient because it improperly attempted to re-allege claims which were already dismissed. *See* doc. 75. Plaintiff has generously been provided opportunities to amend his complaint, but this process cannot continue indefinitely. Plaintiff should be held to the allegations presented in his fourth amended complaint, and no further opportunities to amend should be sought.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's successive request to amend his complaint, doc. 80, be **DENIED** and this case be **REMANDED** for further proceedings, including consideration of the pending summary judgment motion.

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**